**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERCIA, | § | |
| Plaintiff | § | |
| | § | Cause No. MO-14-CR-0227-DC (2) |
| v. | § | |
| | § | |
| NOE GARCIA GALAN, | § | |
| Defendant. | § | |

**<u>GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas, through the undersigned Assistant United States Attorney, and moves this Honorable Court for an order granting the Government's Motions in Limine as set forth below, and for cause would show this Court the following:

Herein, the Government seeks orders:

1.      Indicating the Court shall conduct all voir dire of the jury panel in this matter based on questions submitted by the parties;

2.      Excluding any potential defense exhibits for failure to comply with the Standing Discovery Order;

3.      Restricting counsel in opening statement or closing argument to the jury, or in questions to witnesses, from commenting on any of the following topics, which would be inadmissible as evidence, prejudicial to a fair trial, and inappropriate for the jury's consideration, unless counsel first obtains permission of the Court after argument or hearing outside the jury's presence:

A.      Information contained in any defense exhibits;

B.      Any possible sentence or consequence faced by the defendant;

C.   Any information or facts which could only come to the jury's attention through the sworn testimony of the defendant (unless counsel for the defendant informs the Court the defendant will testify);

D.   Any other information for which the defendant does not have a good faith belief will be admissible; and

E.   Background information of the defendant.

4.   Excluding evidence and prohibiting argument offered for the purpose of jury nullification.

5.   Exclusion of evidence regarding the manner in which the investigation was conducted and/or any alleged motive behind the criminal action:

A.   Due process/Spoliation defense;

B.   Selective prosecution;

6.   Limitation on the number of character witnesses; and

7.   Exclusion of evidence of specific acts of good character.

**Argument**

This motion is related to certain potentially inadmissible evidence and is brought for the purpose of assuring compliance with Rule 103(c) of the Federal Rules of Evidence which provides:

> In jury cases, proceedings shall be conducted, to the extent practicable, as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

As the Supreme Court Advisory Committee points out: "This subdivision proceeds on the supposition that a ruling which excludes evidence in a jury case is likely to be a pointless procedure if excluded evidence nevertheless comes to the attention of the jury." *Bruton v. United States*, 389

U.S. 818 (1968).   Based upon the following considerations, the Government is requesting this

Court grant this motion, thereby creating a vehicle by which to comply with Rule 103(c) of the

Federal Rules of Evidence, and prevent the possibility of jury prejudice through its exposure to

such inadmissible evidence.

## I.
## Conduct of Voir Dire

The Government requests the Court to conduct all voir dire examination in this cause.

Often counsel uses voir dire as a method of conducting an extra opening statement, attempting to

put their theory of the case or facts before the jury.   This is improper and is not designed to "ferret

out actual bias" which is the purpose of voir dire.   *Dennis v. United States*, 339 U.S. 162, 168

(1950).

Examination of the panel by counsel is not mandated; rather, it may only be done with

permission of the Court.  Fed. R. Crim. P. 24(a).  A trial judge has broad discretion over the manner

in which voir dire is conducted. *United States v. Bieganowski*, 313 F.3d 264, 272-73 (5th Cir.

2002); *United States v. Rowe*, 106 F.3d 1226, 1227-28 (5th Cir. 1997).   A decision to refuse

attorney questioning will only be reviewed for abuse of discretion, and a trial court's decision to

do so will be upheld as long as the panel is sufficiently questioned to allow counsel to exercise a

reasonably knowledgeable challenge to unqualified jurors. *United States v. Beckner,* 69 F.3d 1290,

1291 (5th Cir. 1991).

The Government respectfully submits this standard may be met by the Court propounding

questions submitted by the parties prior to jury voir dire.   Should any follow up questions be

necessary, a conference at the bench to submit them to the Court should be conducted.  Fed. R.

Crim P. 24(a)(2)(B).

3

## II.
## Exclusion of Defense Exhibits

The Court's Standing Discovery Order, entered on September 8, 2003, indicates the Government must provide discovery to the defendant(s) within fourteen (14) days from the entry of these Orders.  The Government has provided discovery to the defense or made said discovery available to the defense within the time limit, and the Government continues to make the discovery available to the defense.

Despite the fact that the Standing Discovery Orders provide for reciprocal discovery, the defendant has supplied the Government with only one document to date.  Therefore, the Government seeks to bar defendant's introduction of any late-disclosed or "eleventh hour" evidence which may be provided, unless excusable neglect is shown.  *See, United States v. Levy-Cordero*, 67 F.3d 1002, 1015 (1st Cir. 1995) (hearing appropriate outside presence of jury to determine admissibility of last minute alibi defense).

## III.
## Restriction on Counsel's Voir Dire, Arguments and Cross-Examination

The Government also asks the Court to enter an order restricting defense counsel from mentioning in their opening statements or questioning of witnesses certain matters, including:

(a) any defense exhibits;

(b) any possible sentence or other ramifications faced by the defendant in this case;

(c) any information or facts which could only come to the jury's attention through the sworn testimony of the defendant (unless the attorney for the defendant informs the Court that his  client will testify); and

(d) any matters for which the defendant does not have a good faith belief will be admissible at trial.

Chief Justice Burger has succinctly stated the purpose and scope of opening statements:

> An opening statement has a narrow purpose and scope. It is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument. To make statements which will not or cannot be supported by proof is, if it relates to significant elements of the case, professional misconduct. Moreover, it is fundamentally unfair to an opposing party to allow an attorney, with the standing and prestige inherent in being an officer of the court, to present to the jury statements not susceptible to proof but intended to influence the jury in reaching a verdict.

*United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring) (misconduct by defense counsel in opening statement). While permitting opening statements in criminal cases is a "well-established and practical custom," *United States v. Stansfield*, 521 F.2d 1122, 1125 (9th Cir. 1976), the scope and extent of an opening is within the control of the trial court. *United States v. Freeman*, 514 F.2d 1184, 1192 (10th Cir. 1975). The Government asks the Court to control the scope of the defense counsel's opening to the extent of prohibiting mention of matters for which there is no reasonable basis to believe are relevant or that will not be supported by admissible evidence. See *United States v. Meeker*, 558 F.2d 387, 388 (7th Cir. 1977).

## A. Information Contained in Defense Exhibits

As previously discussed, the defendant has produced only one document to the Government. Federal Rule of Criminal Procedure 16(d)(2) provides in pertinent part:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may ... prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

The Standing Discovery Order provides for much the same relief.

The Government foresees requesting suppression of certain defense exhibits and witnesses based on the defendant's failure to comply with applicable Federal Rules and this Court's Standing Discovery Order. Alternatively, the Government will seek a hearing outside the presence of the jury to determine the admissibility of any "eleventh hour" evidence which has been revealed by defendant. *United States v. Levy-Cordero*, 67 F.3d 1002, 1015 (1st Cir. 1995). As such, counsel should be precluded from mentioning their existence or the facts contained therein during opening statements because, if the requested exclusion is granted by this Court, comment by counsel at any time during the trial would be inappropriate.

### B.  Potential Sentence for Offense Charged or Possible Ramifications

The Government asks the Court to enter an order prohibiting defense counsel from mentioning to the jury that the crime with which the defendant is charged is a felony, carrying a specific sentence, or any jail time whatsoever. Comments such as these serve no purpose in this trial. The mention of such facts serves only to put before the jury the matters intended to arouse the jury's sympathy. As the Court well knows, "the jury has no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975).

### C.  Background Information of Defendant

In the absence of an assertion that the defendant will testify, there is no reasonable basis to believe that a variety of personal information about that defendant, even if relevant, will be elicited at trial. If counsel cannot state at the beginning of the trial whether the defendant will testify, he cannot state that he reasonably expects to elicit the information. Consequently, there will exist no

reasonable basis for including it in his opening, and the Court should prohibit the statements from being made in the first place.

**IV.**
**The Court Should Exclude any Evidence or Argument Offered**
**for the Purpose of Encouraging Jury Nullification**

### A.  Introduction

A jury is entitled to acquit a defendant on any ground.  Nevertheless, "a defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence, i.e. a jury has the power of nullification but defense counsel is not entitled to urge the jury to exercise this power."  *United States v. Muse*, 83 F.3d 672, 677 (4th Cir.), *cert. denied*, 138 L. Ed. 2d 186 (1996).  Therefore, a trial judge may block any attempts to "serenade a jury with the siren song of nullification" and may instruct the jury to the exclusion of jury nullification.  *United States v. Garcia-Rosa*, 876 F.2d 209, 226 (1st Cir. 1989), *cert. denied*, 493 U.S. 1030 (1990); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993), *cert. denied*, 512 U.S. 1223 (1994).  The defendant should not be allowed to present irrelevant evidence to provoke the jury to disregard the law, nor should the defendant be allowed to argue jury nullification at any point in the trial.  *See, e.g., United States v. Sloan*, 704 F. Supp. 880, 884 (N.D. Ind.1989)(jury nullification a proper issue for motion in limine; motion granted).

### B.  Irrelevant evidence and/or evidence without factual foundation

Although the defendant is allowed to present his theory of defense to the jury, "some relevant factual basis for the defense should exist under Federal Rules of Evidence 401 and 402 before evidence or testimony is offered."  *Thompson*, 25 F.3d at 1564; *see also, United States v. Wiman*, 77 F.3d 981, 985 (7th Cir. 1995) (defense must be supported by law and have some

foundation in the evidence).  A defendant has no right to present witnesses or cross-examine adverse witnesses about facts which are not of consequence to the determination of the case. *Wiman*, 77 F.3d at 985.  Stated another way, "defendants are not entitled to present evidence which is irrelevant for any purpose other than to provoke the finder of fact to disregard the law." *United States v. Lucero*, 895 F. Supp. 1421, 1426 (D. Kan. 1995)(J. Theiss).  As the Eleventh Circuit has held:

> Because the jury enjoys no right to nullify criminal laws, and the
> defendant enjoys a right to neither a nullification instruction nor a
> nullification argument to the jury, the potential for nullification is
> no basis for admitting otherwise irrelevant evidence.

*United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir.), *cert. denied*, 141 L. Ed. 2d 754 (1998) (*citing, Zal v. Steppe*, 968 F.2d 924, 930-31 (9th Cir. 1992)); *United States v. Gorham*, 523 F.2d 1088, 1097098 (D.C. Cir. 1975); *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997), *cert. denied*, 139 L. Ed. 2d 645 (1998).

Federal courts have held that "it is appropriate to require a defendant to submit an offer of proof to establish whether the evidence is sufficient as a matter of law to support the proffered defense. [citations omitted].  The constitutional right of the defendant to a fair trial is not diminished if the defendant is precluded from raising defenses for which she can present no supporting evidence at all. [citations omitted]." *United States v. Brodhead*, 714 F. Supp. 593, 596 (D. Mass.1989) (precluding political necessity argument, Nuremberg defense, and crime prevention defense), *citing, United States v. Seward*, 687 F.2d 1270, 1273 (10th Cir. 1982), *cert. denied*, 459 U.S. 1147 (1983).

Based on the above-discussed precedents, the defendant should not be allowed to: (1) present evidence to the jury that it can acquit him on grounds other than the facts in evidence; (2)

8

present irrelevant evidence to provoke the jury to disregard the law; and, (3) present evidence through defense witnesses or cross-examine adverse witnesses about facts which are not of consequence to the determination of the case.  The government submits any evidence concerning the above allegations, which have no foundation in fact and are irrelevant to the issues in this case, would be presented to the jury for the sole purpose of jury nullification.

## V.
## Limitation on the Number of Character Witnesses

The Government anticipates the defendant may attempt to offer numerous character witnesses in his defense, either through direct or cross-examination.  It is well-settled that the Court may limit the number of witnesses permitted to testify to a single fact, and the extent to which cumulative testimony may be received.  *Petersen v. United States*, 268 F.2d 87, 88 (10th Cir. 1959); *see also, United States v. Rising*, 867 F.2d 1255, 1258 (10th Cir. 1989); *Sanseverino v. United States*, 321 F.2d 714, 716 (10th Cir. 1963).  Even when the defense is that the defendant lacked the requisite intent, limiting the defendant to one character witness is within the Court's discretion.  *Petersen*, 268 F.2d at 88.  The Fifth Circuit typically limits a defendant to two character witnesses.  *See, e.g., United States v. Gray*, 105 F.3d 956, 963 (5th Cir. 1997).

In sum, not only will such witnesses be cumulative, these character witnesses will lend little, if any, probative evidence concerning whether the defendants committed the crimes with which they are charged.  Therefore, a limitation on their number is appropriate.

## VI.
## The Court Should Exclude Evidence Regarding Specific Acts of Good Character

The defendant should be prohibited, on direct and/or cross-examination, from introducing evidence of specific acts of good character, including, but not necessarily limited to, evidence that

he is a good member of the community, husband, father, family member, or church goer, or evidence that he did not commit similar criminal acts on other particular occasions. Although the defendant's conduct will be in issue, whether he is a good member of the community, husband, father, family member, or church goer, will not be at issue.

Federal Rule of Evidence 404(b) proscribes the admission of character evidence to prove that a defendant has a good character and acted in conformity therewith. *See* Fed. R. Evid. 404(b); *United States v. Hill*, 40 F.3d 164, 168 (7th Cir. 1994), *cert. denied*, 514 U.S. 1029 (1995). From this prohibition follows the general principle that individual acts of good conduct are not admissible to prove good character. *See United States v. Camejo*, 929 F.2d 610, 613 (11th Cir.)(defendant's refusal to accept witness' offer to join narcotics business inadmissible), *cert. denied*, 502 U.S. 880 (1991). Consequently, evidence of good conduct is not admissible to negate criminal intent. *See Michelson v. United States*, 335 U.S. 469, 477 (1948); *United States v. Russell,* 703 F.2d 1243, 1249, *reh'g denied*, 708 F.2d 734 (11th Cir. 1983).

Whether the defendant is a good member of the community, husband, father, family member, or church goer, is irrelevant and offers no defense to the charges against him. Thus, this type of evidence should not be admitted, whether offered through direct or cross-examination. *See, e.g., United States v. Neighbors*, 23 F.3d 306, 310 (10th Cir. 1994)(evidence that defendant was asked to serve on board of substance abuse center excluded in drug trial); *United States v. Santana-Comacho*, 931 F.2d 966, 967-68 (1st Cir. 1991)(evidence of character as a good family man and a kind person inadmissible because not pertinent to illegal transportation of aliens charge); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (policeman's resume and commendations properly excluded as not pertinent to mail fraud charge); *United States v. Gravely*,

840 F.2d 1156, 1164 (4th Cir. 1988) (evidence about defendant's specific activities with March of Dimes inadmissible).

Similarly, proof of an assertion by a negative is inadmissible. *See United States v. Beverly*, 913 F.2d 337, 353 (7th Cir. 1990), <u>cert</u>. <u>denied</u>, 498 U.S. 1052 (1991). Therefore, evidence that the defendant acted lawfully or laudably on other occasions is irrelevant to his attempt at proving he acted lawfully on the occasions alleged in the indictment. *See United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990); *United States v. Burke*, 781 F.2d 1234, 1243 (7th Cir. 1985). In other words, "a defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions." *United States v. Scarpa*, 913 F.2d 993, 1011 (2d Cir. 1990); *accord, Hill*, 40 F.3d at 168 (defendant's failure to steal "test letters" not admissible to prove she did not steal letters as charged); *Beverly*, 913 F.2d at 353 (testimony that witness never saw defendant sell cocaine inadmissible in drug prosecution). In light of the above-cited case law, the defendant should not be allowed to introduce evidence concerning specific acts of good conduct.

## Conclusion

For the foregoing reasons, the Government's Motions In Limine should be granted.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

By: __/s/__
WILLIAM F. LEWIS, JR.
Assistant United States Attorney
Texas Bar No. 12314550
601 NW Loop 410, Suite 600

San Antonio, Texas 78216
(210) 384-7100

### Certificate of Service

I hereby certify that on February 22, 2019, I filed this document with the Clerk using the CM/ECF filing system, which will cause a copy of the document to be delivered to counsel(s) for the defendant:

Damian Castillo
Attorney at Law
1120 N. Big Spring
Midland, Texas  79701

   /s/
William F. Lewis, Jr.
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERCIA, | § | |
| Plaintiff | § | |
| v. | § | Cause No. MO-14-CR-0227-DC (2) |
| | § | |
| NOE GARCIA GALAN, | § | |
| Defendant. | § | |

## ORDER ON GOVERNMENT MOTIONS IN LIMINE

On this day, came on for hearing the Government's Motions in Limine, and after considering the same and arguments of counsel, said Motion is GRANTED or DENIED as set forth below and the following orders will enter:

1.      <u>Limitation on voir dire examination</u>

GRANTED      □            DENIED          □

The Court shall conduct all voir dire examination in this cause.  Counsel is directed to submit any proposed voir dire questions or areas of questions to the Court.

2.      <u>Exclusion of defense exhibits not submitted to the Government within the time limit</u>

<u>imposed by the Court's Standing Discovery Orders</u>

GRANTED      □            DENIED          □

If such evidence is sought to be admitted, it shall be brought to the attention of the Court outside the presence of the jury to determine its admissibility.  Unless and until the Court rules on the admissibility of such late disclosed evidence, neither the counsel nor parties shall refer to it in any manner.

3.      <u>Exclusion and restriction of certain evidence and theories</u>

A.      Information contained in defense exhibits

13

GRANTED   ☐          DENIED        ☐

    B.     Potential sentence or consequences for offense charged

GRANTED   ☐          DENIED        ☐

    C.     Exclusion of evidence not relevant to issues.

GRANTED   ☐          DENIED        ☐

    D.     Background information of the defendant.

GRANTED   ☐          DENIED        ☐

Defense counsel is prohibited from mentioning to the jury at any time that the crime with which the defendant is charged is a felony, carrying a specific sentence or any punishment whatsoever.  Comments such as "taking away defendant's freedom," "sending him to jail", or the like serve no purpose in this trial and are prohibited.

In the absence of an assertion that a defendant will testify, there is no reasonable basis to believe that a variety of personal information about that defendant and/or his intent, even if relevant, will be elicited at trial.  As such, comment upon such matters is prohibited, unless and until counsel represents defendant will testify.

Counsel are directed to limit cross-examination of witnesses to appropriate matters as determined by the Court in the hearing on this motion.

    4.     <u>Jury nullification</u>

GRANTED   ☐          DENIED        ☐

Defense counsel is prohibited from presenting evidence to the jury that it can acquit the defendant on grounds other than the facts in evidence; present irrelevant evidence to provoke the jury to disregard the law; and/or present evidence through defense witnesses or cross-examine adverse witnesses about facts which are not of consequence to the determination of the case.

If such evidence is sought to be admitted, it shall be brought to the attention of the Court outside the presence of the jury to determine its admissibility.  Unless and until the Court rules on the admissibility of such late disclosed evidence, neither the counsel nor parties shall refer to it in any manner.

     5.       <u>Limitation on the number of character witnesses</u>

           GRANTED   □          DENIED     □

           Limited to _____ character witnesses.

     6.       <u>Exclusion of evidence of specific acts of good character</u>

           GRANTED   □          DENIED     □

Whether the defendant is a good member of the community, husband, father, family member, or church goer, is irrelevant to the charges against him, and offers no defense to the charges against him.  This type of evidence should not be admitted, whether offered through direct or cross-examination.  Similarly, proof of an assertion by a negative is inadmissible.  Therefore, evidence that the defendant acted lawfully or laudably on other occasions is irrelevant to his attempt at proving he acted lawfully on the occasions alleged in the Superceding Indictment.

If such evidence is sought to be admitted, it shall be brought to the attention of the Court outside the presence of the jury to determine its admissibility.  Unless and until the Court rules on the admissibility of such late disclosed evidence, neither the counsel nor parties shall refer to it in any manner.

           Signed this ___ day of _____, 2019.


                                      _____

                                        DAVID COUNTS
                                        UNITED STATES DISTRICT JUDGE